

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DANIAL WILLIAMS,

    Petitioner,

v.                                          Civil Action No. **3:09CV769**

HELEN FAHEY,

    Respondent.

## MEMORANDUM ORDER

Petitioner, a Virginia prisoner, by counsel submitted this 28 U.S.C. § 2254 petition. Upon initial consideration of the petition, it is ORDERED that:

1.     The petition is FILED;

2.     The current petition does not conform to the appropriate rules for 28 U.S.C. § 2254 petitions. Specifically,

> All *pro se* petitions for writs of habeas corpora must be filed on a set of standardized forms . . . . Counsel filing a petition for a writ of habeas corpus need not use a standardized form, but any petition shall contain essentially the same information as set forth on said form.

Loc. Civ. R. E.D. Va. 83.4(A); *see also* Rules Governing § 2254 Cases in the U.S. District Courts, App'x of Forms. The petition filed by Petitioner does not contain the procedural history of Petitioner's claims as required by the above rules. Furthermore, the petition must be verified by Petitioner. *See* 28 U.S.C. § 2242.

3.     Petitioner is directed, within thirty (30) days of the date of entry hereof, to submit a petition that complies with the requirements set forth above and below. The entire petition shall not exceed fifty pages in length.

   a.   Additionally, the petition shall set forth in a section captioned "Exhausted Claims" all exhausted claims properly preserved for federal habeas corpus review (separately identifying and discussing each such claim);

   b.   The petition shall set forth in a separate section captioned, "Claims Not Presented to, or Found To Be Procedurally Defaulted By, the Supreme Court of Virginia" and as to each such claim, specify the basis on which it is thought that federal habeas corpus review may be had;

   c.   If, in the unusual circumstance, it is not possible to determine whether a claim (including all aspects and subparts of such a claim), meets the description of paragraph 1(a) or 1(b), the petition shall list all such claims in a separate section and describe succinctly the circumstances which makes such ascertainment impossible followed by a discussion of the claim;

   d.   The federal petition for a writ of habeas corpus must be verified by Petitioner. However, the Court will not accord any evidentiary value to general assertions that mixed arguments of law and fact are true. To the extent the Petitioner wishes the Court to accord any evidentiary value to a statement of fact in his federal petition based on the Petitioner's knowledge, the statement must be set forth in a separate section titled "Affidavit of Facts";

   e.   Any statement of a fact in the petition, and the subsequent papers submitted by the parties, shall be accompanied to a citation to the page of the trial transcript or the state court record that supports the factual proposition asserted. To the extent the Petitioner relies on his own knowledge as the basis for a particular fact, the statement should be accompanied by a citation to the appropriate numbered paragraph of the "Affidavit of Facts" described in paragraph 1(d).

4.   The Clerk is DIRECTED to send a copy of the Memorandum Order to the Attorney General for the Commonwealth of Virginia. Respondent, however, is not required to respond at this time.

Richmond, Virginia
Date: __DEC 3 0 2009__

                                    /s/
                           _____
                           Richard L. Williams
                           United States District Judge