

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DANIAL WILLIAMS,

    Petitioner,

v.                                                         Civil Action No. **3:09CV769**

HELEN FAHEY,

    Respondent.

## MEMORANDUM ORDER

Petitioner, by counsel, submitted this 28 U.S.C. § 2254 petition. By Memorandum Order entered on December 30, 2009, the Court directed Petitioner to submit a petition that conformed to the appropriate rules, including the requirement that:

> All *pro se* petitions for writs of habeas corpora must be filed on a set of standardized forms . . . . Counsel filing a petition for a writ of habeas corpus need not use a standardized form, but any petition shall contain essentially the same information as set forth on said form.

Loc. Civ. R. E.D. Va. 83.4(A); *see also* Rules Governing § 2254 Cases in the U.S. District Courts, App'x of Forms. The Court also informed Petitioner that any amended Petition could not exceed fifty pages in length (inclusive of the affidavit from Petitioner).

On January 22, 2010, the Court granted Petitioner's request to exceed the page limit and submit a seventy-five page petition. On January 29, 2010, Petitioner filed an amended petition (hereinafter the "Amended Petition").

The Amended Petition is not compliance with the directives of the Court. First, the Amended Petition, including the two appendices, exceeds seventy-five pages in length. Second, and more importantly, the Amended Petition does not contain essentially the same information as required by the standardized form for filing a 28 U.S.C. § 2254 petition. Question 18 on the

standardized form states: "If your judgment of conviction became final over one year ago, you must explain why the one year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." Rules Governing § 2254 Cases in the U.S. District Courts, App'x of Forms ¶ 18. Although Petitioner's conviction became final over a decade ago, he fails to explain explicitly why the statute of limitations does not bar his petition.[1] Accordingly, within twenty (20) days of the date of entry hereof, Petitioner is directed to provide a brief explanation as to why his petition is not barred the statute of limitations.

    3.    The Clerk of the Court is DIRECTED to serve Respondent. Service shall be made by mailing a copy of this Memorandum Order, with the petition attached, to the Attorney General for the Commonwealth of Virginia.

    4.    Within fifteen (15) days of the date of entry hereof, the Attorney General shall file an appearance in this matter. If Respondent wishes to pursue a statute of limitations defense to the Amended Petition, he should do so by a motion to dismiss, prior to filing the answer required by Rule 5 of the Rules Governing § 2254 Cases in the U.S. District Courts. Any such motion to dismiss and accompanying brief shall be filed with fifty (50) days of the date of entry hereof. An answer to the Amended Petition shall be filed by later of sixty (60) days from the date of entry hereof, or thirty (30) days after the denial of a motion to dismiss based upon the statute of limitations.

It is so ORDERED.

Richmond, Virginia
Date: FEB 1 9 2010

/s/
Richard L. Williams
United States District Judge

---

[1] Petitioner merely states that his petition is "timely," but fails to explain why this is so. (Am. Pet. 7.)